IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


AARON YOSHIHITO OKUDA,                          3:11-CV-1538-BR

       Plaintiff,                            TEMPORARY RESTRAINING
                                                ORDER
v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

AARON YOSHIHITO OKUDA
512 S.W. Maplecrest Drive
Portland, OR 97219
(503) 453-2496

       Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
RONALD SILVER
ADRIAN L. BROWN
Assistant United States Attorney
VIKASH CHHAGAN
Deputy Regional Chief Counsel for Social Security Administration
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

       Attorneys for Defendant

1 - TEMPORARY RESTRAINING ORDER

**BROWN, Judge.**

On December 22, 2011, Plaintiff Aaron Yoshihito Okuda filed his Complaint (#2) in which he challenges the decision by the Portland Social Security Office on December 22, 2011, to deny Plaintiff's August 26, 2010, request to file a claim for Social Security benefits on behalf of his minor daughter (age 6). Plaintiff alleges his daughter is eligible for disability benefits ($7,000 in past-due benefits and $247 per month until she is 18) because Plaintiff is receiving disability benefits for himself under Title II of the Social Security Act. According to Plaintiff, a clerk at Defendant's Portland Office refused to accept Plaintiff's application because Plaintiff shares custody of his daughter with her mother and does not have full custody. Plaintiff alleges the deadline for applying for his daughter's past-due benefits is today, December 28, 2011, and the child's mother has not yet made the proper filing.

On December 22, 2011, Plaintiff also filed his Motion (#3) for Temporary Restraining Order seeking an order of the Court allowing Plaintiff to file for a disability benefit on his child's behalf.

A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips

2 - TEMPORARY RESTRAINING ORDER

in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*, at *7.

On December 28, 2011, the Court held a hearing on Plaintiff's Motion. For the reasons set out on the record, the Court concludes Plaintiff has sufficiently demonstrated a lawful basis to make a claim for auxiliary benefits for his minor daughter, which are provided for under Social Security regulations, and a lawful basis for the Court to require Defendant to receive and process such a claim according to law. *See, e.g.*, 20 C.F.R. §§ 404.350, 404.355. Based on the representations of Defendant's counsel, the Court concludes there is not any risk of irreparable harm if the Court does not toll

any alleged deadline for Plaintiff to apply for his daughter's past-due benefits.

Accordingly, the Court, in the exercise of the its equitable discretion pursuant to Federal Rule of Civil Procedure 65, **grants in part** Plaintiff's Motion (#3) as follows:  The Court **directs** Defendant to accept Plaintiff's application for benefits on behalf of his minor daughter and to resolve that application on any legal grounds available to Defendant and without prejudice to any lawful basis for doing so.  The Court also concludes there is not any basis on which to require Plaintiff to post a bond.  Plaintiff shall deliver his application to Assistant U.S. Attorney Ronald Silver **no later than January 6, 2012,** for Mr. Silver to deliver to Defendant for processing.

The Court **further directs** Defendant to file a status report **no later than noon on January 25, 2012.**

IT IS SO ORDERED.

DATED this 28th day of December, 2011.

_____
ANNA J. BROWN
United States District Judge

4 - TEMPORARY RESTRAINING ORDER